**Raymond LEURY, Plaintiff,**

v.

**UGI CORPORATION and Local No. 1941, the International Brotherhood of Electrical Workers, Defendants.**

Civ. A. No. 78–73.

United States District Court, M. D. Pennsylvania.

June 6, 1978.

Jordan D. Cunningham, Law Offices of Richard C. Fox, Harrisburg, Pa., for plaintiff.

J. Thomas Menaker, McNees, Wallace & Nurick, Harrisburg, Pa., for UGI Corp.

Stephen Richman, Markowitz & Kirschner, Philadelphia, Pa., for Local No. 1941 International Brotherhood of Electrical Workers.

## MEMORANDUM

HERMAN, District Judge.

Plaintiff, a former employee of UGI Corporation ("UGI" or "Company") and a member of Local No. 1941 of the International Brotherhood of Electrical Workers ("Union"), brings suit pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The action was begun in the Court of Common Pleas of Dauphin County and was removed to this Court by Defendants pursuant to 28 U.S.C. § 1441.

The complaint states that as a result of a series of altercations with a certain supervisor at UGI, Plaintiff was twice suspended and ultimately discharged from his employment with the company.[1] Plaintiff contends that the suspensions and discharge were not for good cause, and thus in violation of the collective bargaining agreement ("agreement") between the company and the Union. The Union is charged with failure to fairly represent Plaintiff in his efforts to gain reinstatement.

Both Defendants seek summary judgment[2] on the grounds that Plaintiff has failed to exhaust remedies available to him under the agreement and under the constitution of the International Brotherhood of Electrical Workers (IBEW).

■ It is well-settled law that where a collective bargaining contract provides a procedure for the resolution of disputes, an aggrieved employee may not sue in federal court under § 301 unless he has first sought redress through the contractual grievance procedures. *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). A narrow exception to this rule has been recognized in cases where an employee's failure to exhaust contractual remedies results from the union's wrongful refusal to process his grievance. *Vaca, supra,* 386 U.S. at 185, 87 S.Ct. at 914, 17 L.Ed.2d 842.

Plaintiff admits that he took no action to initiate a grievance in connection with his discharge on February 23, 1977, but seeks to excuse this failure by arguing that the Union was under a duty to file a grievance on his behalf without being requested to do so. Plaintiff arrives at this conclusion from a somewhat strained interpretation of the contractual grievance procedures, which provide, in pertinent part:

12.2 Grievance Steps

Should a dispute arise between Union and Company as to any unadjusted grievance, both parties shall endeavor to settle such matters in the simplest and most direct manner. Grievances must be filed within two weeks of the time grievant reasonably should have known of the occurrence. The procedure, unless changed or any step thereof is waived by mutual consent, shall be as follows:

STEP 1—Between the aggrieved employee and/or members of the Grievance Committee of Union and the employee's immediate supervisor. An oral reply shall be given to Union within seven days by Company's representative.

---

1. The first suspension followed a confrontation with supervisor Riechert on February 12, 1975, and lasted for two days. The second suspension resulted from Plaintiff's refusal to speak to Riechert when necessary in the course of his duties on February 2, 1977. This second suspension lasted until February 14, 1977. On February 23, 1977 Plaintiff was discharged when he failed to contact Riechert when instructed to do so in connection with a work assignment. Complaint, ¶¶ 7–12.

2. The motion of UGI is captioned as a motion to dismiss. However, as it is based on a matter outside the complaint, i. e., the agreement, we view it as one for summary judgment. Fed.R. Civ.P. 12(b).

Plaintiff interprets the lack of any reference to "aggrieved employee" in the first quoted paragraph, and the designation of "the aggrieved employee *and/or* members of the Grievance Committee" as participants in Step 1 as imposing a duty on the Grievance Committee to initiate Step 1 whether or not the aggrieved employee chooses to participate.[3]  We find this interpretation wholly unreasonable.  The agreement is perhaps not a model of clarity, but it obviously imposes upon the Union only the responsibility of acting as intermediary in presenting an employee's grievance to the company.  It cannot be fairly read as imposing the additional burden of anticipating grievances and presenting them when not requested to do so.

■ It is apparent that Plaintiff has intentionally bypassed the contractual grievance procedure and seeks to challenge his discharge for the first time in this suit.  We have no jurisdiction to consider such a claim.

Plaintiff also failed to invoke the contractual remedies to challenge his eight-day suspension in February, 1977, and we therefore reach the same conclusion on that claim as we reach in regard to the discharge claim.

Plaintiff's challenge to his two-day suspension in 1975 must be viewed differently than the previously discussed claims because Plaintiff did pursue the contractual grievance procedure at that time.  The Union processed that grievance unsuccessfully through the first four steps, but refused to proceed to the fifth step, which is binding arbitration.  Plaintiff contends that the refusal to proceed to arbitration was a breach

of the Union's duty of fair representation, while the Union claims that the refusal was based on a good faith conclusion that the suspension was justified and that arbitration would be fruitless.

■ Refusal to proceed to arbitration alone does not amount to a breach of the Union's duty to Plaintiff, absent a showing that the decision was made arbitrarily or in bad faith.  *Vaca v. Sipes, supra,* 386 U.S. at 190–91, 87 S.Ct. at 916–917, 17 L.Ed.2d at 857–58.  Although Plaintiff alleges generally that the Union's decision not to arbitrate was in bad faith, he alleges no facts on which he bases that conclusion.  Nor does he allege that he made any effort to protest that decision at the time he learned of it.

■ Article XXVII of the constitution of the IBEW[4] provides a procedure by which aggrieved Union members can protest any wrong done by the local union, which should be pursued before bringing charges against the union in this Court.  *Brady v. Trans World Airlines,* 401 F.2d 87 (3d Cir. 1968).

To excuse his failure to pursue the intra-union grievance procedure Plaintiff states that "the union never offered any advice to Plaintiff and did not advise him of his right to protest the local union's representation of him to the International Union pursuant to the union constitution."  Plaintiff's affidavit, ¶ 12.  We do not find this to be a sufficient excuse.  In becoming a member of the Union, Plaintiff became bound to abide by the constitution, including its prohibition against resorting to the courts without first making use of the intra-union grievance process, Article XXVII, Sec. 1.  More than ignorance of the constitutions provisions is necessary to relieve Plaintiff

---

3. Although Plaintiff implies that he was under the impression that it was not necessary to request that a grievance be filed, he offers no explanation for his failure to inquire or demand action when he learned that no grievance had been filed.  Nor does he deny that he was told at the time of his termination that he should contact the Union if he wished to file a griev-

ance (Affidavit of David Pfaute, ¶ 15), or that he had previously used the grievance procedure and was familiar with its operation (Complaint, ¶ 18).

4. Exhibit B to the brief in support of Defendant union's motion for summary judgment.

of this prerequisite to suit. *Newgent v. Modine Mfg. Co.*, 495 F.2d 919 (7th Cir. 1974); *Adams v. Local 1193, No. 74–704* (M.D.Pa.1977).

For the foregoing reasons the motions of both Defendants for summary judgment will be granted.