**Timothy P. CRONIN, Plaintiff,**

v.

**BECHTEL POWER CORPORATION, Defendant.**

**Civ. No. 79–500.**

United States District Court, M. D. Pennsylvania.

Nov. 9, 1979.

E. Charles Coslett, Wilkes–Barre, Pa., for plaintiff.

Cunniff, Bray & McAleese, Walter H. Flamm, Bala Cynwyd, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

This action is before this Court on the Defendant's Motion to Dismiss for Plaintiff's failure to exhaust his intra–union remedies. Plaintiff admits that exhaustion is necessary before an employee is entitled to bring a suit under § 301 of the Labor Management Relations Act, but avers that his situation comes within one of the narrow exceptions to that rule, that he need not attempt intra–union remedies because to do so would be futile, due to the Union's breach of its duty of fair representation to him.

Plaintiff Timothy Cronin was employed at the Susquehanna Nuclear Power Station construction site in Berwick, Pennsylvania. His employer was the Bechtel Power Corporation. Plaintiff is a West Virginia resident, and at the time he was working at the Berwick site, was a member of Plumbers Union # 2, New York City. While at the power station he worked in an area under the jurisdiction of Local # 524, Steamfitters, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States of America. Bechtel had entered into a collective bargaining agreement with Local Union # 524 and all of the other unions engaged in the construction of the power plant. That bargaining agreement contained a grievance procedure to be followed when a dispute arose on the job site. The grievance procedure consisted of four steps, the last of which was binding arbitration.

Cronin became employed on the Susquehanna Nuclear Power House Project on January 23, 1978. His employment there was terminated on May 31, 1978. He contends that this termination was wrongful and a violation of the collective bargaining agreement in effect between the company and the unions. He brought this suit under § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, which provides that suits for the violation of contracts between an employer and a labor organization representing employees in an industry which affects commerce may be brought in any district court of the United States which has jurisdiction over the parties.

Defendant Bechtel moved to dismiss the Plaintiff's suit on the grounds that he failed to avail himself of the contractual grievance procedures, and is therefore barred from bringing this suit. Plaintiff filed a brief in opposition to the motion to dismiss, and a supporting affidavit. Defendant filed a reply brief; both parties submitted additional affidavits.

■ Defendant's Motion is captioned a Motion to Dismiss. Because the substance of the Defendant's motion is that Plaintiff has failed to show that he has exhausted his intra–union remedies as is required to state a cause of action under § 301, we will consider the motion a Motion to Dismiss for Failure to State a Cause of Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Both parties have introduced affidavits in support of their positions. They are properly authenticated, and will be considered by the Court in its determination. Therefore, under Rule 12, Defendant's Motion will be considered a Motion for Summary Judgment.[1] Rule 56 provides that the Motion for Summary Judgment shall be rendered if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. In considering a Motion for Summary Judgment, the Court must construe the allegations of the Complaint and other pleadings or affidavits in the light most favorable to the non–moving party.

■ It has long been established that in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as a means of redress. *Republic Steel v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580, (emphasis in original). This principle was refined in *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842, where the Supreme Court noted an exception to this general rule, where the union has sole power under the contract to invoke the higher stages of the grievance procedure, and it is further alleged that the employee Plaintiff had been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance. *Vaca v. Sipes*, supra, at 185, 87 S.Ct. at 914. A wrongful refusal is indicated by proof that the union breached its duty of fair representation in its handling of the employee's grievance. Id. at 186, 87 S.Ct. at 914.

■ A union's conduct toward a member of the collective bargaining unit violates its duty of fair representation when it is "arbitrary, discriminatory or in bad faith". A union violates its duty of fair representation, for example, when it either "arbitrarily ignores a meritorious grievance or processes the claim in a perfunctory fashion". *Vaca v. Sipes*, supra at 190, 191, 87 S.Ct. at 917.

■ Therefore, in order to withstand the Motion for Summary Judgment, the Plaintiff herein would have to show that he had at least attempted to employ the grievance procedure before bringing a lawsuit. In

1. Rule 12 provides in pertinent part:
". . . If, on a motion . . . to dismiss for failure of the pleading to state claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment, and disposed of as provided in Rule 56."

order to show this, the Plaintiff should be able to describe exactly what steps he took to try to get some relief, whom he contacted and what response he received. In this way, the Court would be able to determine whether he had been rebuffed by the union, or whether it had failed to fairly represent him.

In his pleadings, Plaintiff Cronin admits that he did not follow the grievance procedure as outlined in the contract. But he argues that he falls within one of the exceptions because the union did not fulfill its duty of fair representation. He avers that he requested a copy of the contract from the union soon after his termination, but did not receive one until four months later, at which date the time for using the grievance procedure had long passed. Therefore, he was not aware of the procedures that he should have followed to protect his rights.

The date on which the Plaintiff first sought to obtain a copy of this contract was not clearly established. His counsel tried to obtain a copy of the contract from the Bechtel Corporation by letter dated July 28, 1978. This was almost two months after the initial termination, and well beyond the time within which the Plaintiff could have made use of the grievance procedure. There is no delineation of efforts taken by the Plaintiff along these lines immediately after his termination.

Plaintiff alleges that he sought to have the Local Union intervene in his behalf, but was rebuffed. He alleges that he used all reasonable means to obtain administrative redress, but to no avail. But he does not back this allegation, even in the face of the Defendant's motion, with specific allegations that he went to the Union to protest his termination, or that he specifically asked the Union to intercede on his behalf.

It is true that Plaintiff was not working within the jurisdiction of his own local. But it is alleged that he was a union member, of a New York based local. As such he was aware that as between the Union and the employees there would be a written contract and that he should be familiar with at least the basics of it. Two of the most basic and important provisions of every contract are wages and the grievance procedure. As a union member, he should have been aware that he would be expected to follow the grievance procedure. Similar cases in this jurisdiction and others have recognized the obligation of an employee to become familiar with the portions of the contract which would govern his union, and the type of remedies available to him. In *Leury v. UGI and Local No. 1941*, 451 F.Supp. 278 (M.D.Pa.1978) Plaintiff Leury alleged that he was wrongfully discharged, and sought to recover under § 301 of the Labor Management Relations Act. He failed to pursue his remedies under the union grievance procedure, and sought to excuse his failure to do so by alleging that the agreement involved obligated the union to file a grievance on his behalf without being asked to do so. The Court did not accept Leury's interpretation of the contract provision, and stated that "it is apparent that Plaintiff had intentionally bypassed the contractual grievance procedure and seeks to challenge his discharge for the first time in this suit. We have no jurisdiction to consider such a claim."

The *Leury* case also dealt with a second claim made by the Plaintiff, contesting another discharge. Leury did file a grievance on that matter, which his local voted not to take to arbitration. In ruling that Leury could not contest the validity of the Union's decision not to bring this grievance any further, without first pursuing his intra–union remedies, Judge Herman commented on the duty of a union member: "In becoming a member of the union, Plaintiff became bound to abide by the Constitution, including its prohibition against resorting to the courts without first making use of the intra–union grievance process . . . More than ignorance of the Constitution's provisions is necessary to relieve Plaintiff of this prerequisite to suit." *Newgent v. Modine Mfg. Co.*, 495 F.2d 919 (7th Cir. 1974); *Leury v. UGI and Local 1941, IBEW*, 451 F.Supp. 278, at 280 (M.D.Pa.1978).

In another case involving the failure of an employee to exhaust his union remedies,

**20**

the Court of Appeals for the Seventh Circuit stated:

"By becoming a member of the Union Newgent was contractually obligated to exhaust union remedies before resorting to a court action. (cite omitted) Necessarily implied in this obligation is the duty to become aware of the nature and availability of union remedies. Newgent was not justified in remaining in ignorance of the provisions governing his own union or, in fact, of relying on a statement by an officer that there was nothing he could do." *Donahue v. Acme Markets, Inc.*, 54 L. C. para. 11, 413 (E.D.Pa. 1966); *Newgent v. Modine Manufacturing Co.*, 495 F.2d 919, 927–928 (7th Cir. 1974).

According to 29 U.S.C.A. § 414, it is the duty of the secretary or corresponding principal officer of each union "to forward a copy of each collective bargaining agreement made by such labor organization with any employer to any employee who requests such a copy and whose rights as such employee are directly affected by such agreement." The first request for such a copy made by Cronin was in July, and was made by his attorney to the employer, not to the local union. Local Union # 524 finally did forward a copy of the Work Rules and Agreement governing the Susquehanna Nuclear Power House Project to Cronin's attorney on December 15, 1978.

In their Reply Brief, the Company points out the significance of the actions that Cronin took immediately after his discharge. He was terminated on May 31, 1978. The first correspondence on his behalf by his attorney that is referred to, but not included, in the affidavits that he submitted was dated June 7, 1978. It was addressed to the Company, and not to the Union Local. So even as early as one week after his termination, Cronin seems to have abandoned any pursuit of his intra–union remedies. Also, in a letter dated July 12, 1978, Cronin's counsel refers to the Project "Work Rules", in a request that Cronin be rehired under those rules. It seems curious that he would be aware of this particular provision of the contract and totally ignorant of the provisions regarding his possible remedies under the grievance procedure.

In order for a union to be guilty of a breach of its duty of fair representation, an employee must be able to show that he gave the union an opportunity to act on his behalf by attempting to pursue the grievance procedure. Upon the facts alleged in his Complaint and the affidavits submitted, it does not appear that Cronin made an attempt to pursue these remedies before instituting legal action. Without a stronger showing that the union completely failed in its duty to represent him we must find that summary judgment in favor of Defendant Bechtel is warranted.