John J. COWLS

v.

KLINE LINEN COMPANY.

Civ. A. No. 80–4596.

United States District Court, E. D. Pennsylvania.

March 26, 1981.

John J. Cowls, pro se.

Paul R. Lewis, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

MEMORANDUM

GILES, District Judge.

This case involves a claim under Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185.

Plaintiff, a bargaining unit employee resigned from his employment with defendant, Kline's Linen Company ("Kline's") on

December 15, 1978. Kline's has moved for summary judgment.

The following facts are not in dispute: On December 11, 1978, plaintiff filed a grievance under the provisions of the collective bargaining agreement alleging breach of agreement. He claimed the employer harassed him and other drivers regarding hours and working conditions. The grievance was processed through the grievance machinery to the third step and a hearing was scheduled for January 24, 1979 before the Textile Maintenance Council Grievance Committee. Under the labor agreement Kline's was not a member of the decision making committee. Plaintiff cancelled the hearing on January 23, 1979 because he had started a new job and did not want to take time off. At no time thereafter did plaintiff seek to reschedule the hearing. Plaintiff's failure to appear for the third step hearing is not attributed in any way to acts or omissions of the company or his collective bargaining agent. This lawsuit was commenced on November 28, 1980, some twenty months later without resorting back to the contractual grievance and arbitration machinery of the subsisting labor agreement, or any successor agreement.

It is the position of plaintiff (who is proceeding *pro se*) that he can bring a § 301 action at any time without regard to the labor agreement's grievance and arbitration procedures, which I find, from a reading of the labor agreement itself, to be final, binding and the exclusive remedy for breach of contract claims. Plaintiff's position is untenable and must be rejected.

The applicable provisions of the labor agreement read,

15. *GRIEVANCE PROCEDURE*:

Section 1. A grievance is hereby jointly defined to be any controversy, complaint, misunderstanding, or dispute arising under the terms of this Agreement.

Any grievance arising between the Union and the Employer or an employee represented by the Union shall be settled in the following manner: . . .

Step 3. If the parties fail to reach an Agreement in Step 2, the matter may be referred to the Textile Maintenance Council Grievance Committee. The Grievance Committee shall consist of four (4) individuals; two (2) from the Union, and two (2) from the Textile Maintenance Council. The employer shall not be eligible to act as a member of the Committee in considering any grievance or dispute involving his own employees.

Step 4. If the parties still fail to reach an agreement in Step 3, the matter may be referred to Arbitration as provided in Section No. 16.

16. *ARBITRATION*:

(a) In case any disagreement or difference shall arise between the parties hereto or between any individual and either or both of the parties hereto during the term of this Agreement in any matter connected with this Agreement, such disagreement or difference shall be referred to three (3) Arbitrators; one of whom shall be chosen by the Employer, one by the Union, and the third by the first two. The decision of the majority of them shall be final and binding. The parties agree to expedite such arbitration . . .

Under circumstances where plaintiff has failed to exhaust the available grievance procedures for reasons unrelated to any intervening action of his union or his employer, the federal court cannot exercise jurisdiction under § 301. *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 522 (3d Cir. 1973); *Leury v. UGI Corp.*, 451 F.Supp. 278, 280 (M.D.Pa.1978), *aff'd mem.* 591 F.2d 1335 (3d Cir. 1979).

Accordingly, the court finds that plaintiff's complaint fails to state a cause of action as a matter of law.