Brad **MIRKIN**

v.

**CINTAS CORPORATION.**

**Civ. A. No. 81–4748.**

United States District Court, E. D. Pennsylvania.

April 8, 1982.

project.

Marc P. Weingarten, Greitzer & Locks, Philadelphia, Pa., for plaintiff.

Thomas E. Seus, Kelly, Harrington, McLaughlin & Foster, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

Presently before me is defendant's Motion for Summary Judgment. Plaintiff commenced the underlying action in the Philadelphia Court of Common Pleas pursuant to Pennsylvania's Wage Payment and Collection Law, 43 P.S.Ann. §§ 260.1–.45. (Purdon Supp. 1981–1982). Defendant properly removed the action to this court.[1]

Plaintiff alleges that he was an employee of defendant who was dismissed by defendant without notice. Under the terms of the collective bargaining agreement, plaintiff claims to be entitled to: (1) two weeks salary since plaintiff was dismissed without notice and (2) vacation pay at the rate of one vacation day for each full two months of employment.

Defendant has filed this motion for summary judgment asserting that plaintiff is barred from bringing any claim for wages arising out of his dismissal since he did not comply with the four-step grievance procedure culminating in binding arbitration, which is to be followed under the collective bargaining agreement in the event of discharge or suspension. Further, defendant asserts that plaintiff does not qualify for vacation pay, since he was not employed for the requisite one-year period.

---

1. Plaintiff's complaint in state court claims wages and vacation pay due under 43 P.S. § 260.9a and § 260.10. In its petition for removal defendant asserts that plaintiff's cause of action is based upon a claimed breach of the provisions of a collective bargaining agreement, so that jurisdiction is conferred on this court by virtue of § 301 of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 185, and 28 U.S.C. § 1337. Plaintiff's complaint makes no mention of any federal claim. Although the general rule is that the federal controversy must appear on the face of a well-pleaded complaint, unaided by the removal petition, an exception to that rule is stated where the complaint omits significant facts, here the relationship of the wage dispute to the collective bargaining agreement. In such a case, the complaint is not "well-pleaded" within the meaning of the general rule and the true nature of the controversy controls. "Removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by plaintiff." *Jenkins v. United Steel Workers*, 522 F.Supp. 80, 83–84 (E.D.Pa. 1981). *See also Whipple v. Leaseway, Inc.*, 91 Lab.Cas. [CCH] ¶ 12,868 (E.D.Pa.1981). Here, it is clear that the real nature of plaintiff's claim is federal since it is based upon breach of a collective bargaining agreement. Thus, jurisdiction is proper under § 301 of the LMRA and 28 U.S.C.A. § 1337.

For the following reasons, I shall dismiss plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

The defendant has come forward with evidence in the form of an affidavit and requests for admission, which is uncontradicted by plaintiff, and from which the following facts can be gleaned.

Plaintiff was employed by defendant from January 2, 1979, to October 4, 1979, when he was dismissed without notice by defendant. At the time of his discharge, he was a member of Teamsters Local Union 830 ("Local 830") and was subject to the terms of a collective bargaining agreement, ("the Agreement") between Local 830 and defendant which governed questions relating to wages, hours, and conditions of employment. The Agreement provides that before terminating the employment relationship either party must give two-weeks notice. In lieu of two-weeks notice, the employer could pay the employee two-weeks salary. The Agreement further provides that these provisions shall not apply to an employee who is dismissed "for just cause." The Agreement also contains separate provisions regarding entitlement to vacation pay upon dismissal. Based on these provisions of the Agreement, plaintiff claims he should have received vacation pay and severance pay upon dismissal.

The Agreement provides at Article 19 and 20 for grievance procedures which apply to "any controversy complaint, misunderstanding, or dispute that an employee or the Union has with the company arising under the terms of the Agreement." *Agreement, Article 20.* The four-step grievance procedures culminate in final and binding arbitration. In the event of discharge, the grievance procedures are to be followed, but are preceded by an additional requirement that the discharged employee give notice of his desire to appeal the discharge to the Union and the employer.

It is undisputed that at no time following plaintiff's discharge did defendant receive any written grievance from Local 830 concerning plaintiff's discharge or of plaintiff's claim for wages and vacation pay. Local 830 did not give written notice of its intention to appeal plaintiff's discharge or pay claims to Arbitration. Nor did plaintiff give defendant written notice of his desire to grieve or appeal his discharge or pay claims, nor of his intent to implement the procedures under the Agreement for resolving grievances. Thus, it is clear that in bringing this action to recover wage payments and vacation pay, plaintiff has sidestepped the grievance procedures provided in the Agreement.

■  It is well-established that beneficiaries of a collective bargaining agreement must exhaust available grievance and arbitration procedures before recourse to judicial remedies. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). *See also Clayton v. International Union, UAAAIW, et al.*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) (dictum).

In *Maddox*, plaintiff sued in state court to recover severance pay allegedly due under the terms of the applicable collective bargaining agreement. After concluding that the contract sued on was subject to § 301 of the LMRA, and was therefore governed by federal law, the court noted that the suit was essentially based on the contract. Noting that the contract provided for a grievance process culminating in arbitration and that federal policy encouraged resolution of disputes under collective bargaining agreements by arbitration, the court held:

> As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress.

*Id.* 379 U.S. at 652, 85 S.Ct. at 616. (footnote omitted).

While certain judicially recognized exceptions exist to the *Maddox* rule, plaintiff does not allege that any of them apply here. *See, e.g., Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (wage claims

under Fair Labor Standards Act not barred by unfavorable arbitral decision since rights under FLSA are independent of collective bargaining process); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) (union's breach of duty of fair representation relieves employee of exhaustion requirement); *U. S. Bulk Carriers, Inc. v. Arguelles*, 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971) (seaman has remedy for wages under 46 U.S.C. § 596 which is not abrogated by § 301 and its exhaustion requirements); *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 324, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969) (failure to exhaust contractual remedies under collective bargaining agreement not a bar where resort to them would be fruitless); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) (failure to exhaust contractual remedies under collective bargaining agreement no bar if union breaches duty of fair representation, or if employer's conduct constitutes repudiation of those procedures). *Cf. Clayton v. International Union UAAIW, et al.*, 451 U.S. 679, 101 S.Ct. 2088, 68 L.Ed.2d 538 (1981) (where internal union procedures could not grant plaintiff relief sought in § 301 action he need not exhaust such procedures).

■ Here, plaintiff's claims are based on the contract. Success on his claims is totally dependent upon his obtaining a favorable interpretation of various provisions of the collective bargaining agreement. Thus, there is no question that plaintiff's claims are contractual and therefore subject to the grievance and arbitration procedures under the Agreement which apply to "any dispute" arising thereunder. Where an employee's claim is on the contract, and he has not at least attempted exhaustion of the available grievance procedures, for reasons unrelated to conduct on the part of the Union or employer, a court cannot exercise jurisdiction under § 301. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); *Cowls v. Kline Linen Co.*, 511 F.Supp. 450, 451 (E.D. Pa.1981).[2]

There being no other basis of federal jurisdiction asserted, I find that plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction.

■

**2.** Plaintiff asserts that, as a discharged employee, he is not governed by the terms of the Agreement. However, it is well-established that provisions of a collective bargaining agreement are equally applicable to a discharged employee. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Plaintiff further asserts that the Pennsylvania Wage Payment and Collection Law ("Wage Law") is independent of, and supersedes, collective bargaining provisions in matters of wage payment disputes, citing *Ward v. Whalen*, 18 D. & C.3d 710 (C.P. Allegheny, 1981). Plaintiff's argument is unavailing. In *Whalen*, the Court of Common Pleas of Allegheny County stated in *dictum* that the Pennsylvania statute gave additional protections to employees where the employer breaches his obligation to pay wages. In that case, plaintiff sued the sole stockholder and president of his bankrupt employer for pension contributions employer had failed to make, as required by the collective bargaining agreement. The court specifically noted that defendant was not liable under the terms of the collective bargaining agreement since the employer and the union were the only parties to it, and it did not impose obligations on the officers and stockholders of employer to fulfill the Agreement's provisions. Here, by contrast, plaintiff's action is based upon breach of the Agreement terms which he contends entitle him to wages and vacation pay by defendant, a party to the Agreement. As such, his claim is governed by the terms of the Agreement, which provide that plaintiff must comply with grievance procedures to be entitled to severance and/or vacation pay. *See Republic Steel Corp. v. Maddox*, 379 U.S. at 657, 85 S.Ct. at 618. *Wren v. Sletten Constr. Co.*, 654 F.2d 529 (9th Cir. 1981). Moreover, unlike *Whalen* where resort to the Agreement's provisions would have been ineffectual given the employer's bankrupt status, here there is no claim that the Agreement is insufficient to protect plaintiff's claim. Thus, the Agreement terms are binding upon him.