466 A.2d 1084

**Constance RICHARDSON**

v.

**CHARLES COLE MEMORIAL HOSPITAL, Appellant.**

Superior Court of Pennsylvania.

Argued May 26, 1983.

Filed Oct. 14, 1983.

Petition for Allowance of Appeal Granted Mar. 7, 1984.

Michael J. Reilly, Pittsburgh, for appellant.

William A. Behe, Wellsboro, submitted a brief for appellee.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

Constance Richardson, appellee, filed this action in assumpsit against Charles Cole Memorial Hospital, alleging breach of an employment contract. After a non-jury trial, a verdict was returned for appellee. Exceptions were filed, argued and disposed of. Judgment for appellee was entered in the amount of $12,489.96, plus costs.

Appellant originally hired appellee in April of 1974 as assistant director of nursing and director of inservice education. On December 2, 1975, appellee was appointed director of nursing. On February 21, 1978, her employment was terminated.

▮ Appellee's own testimony established that she was hired under an oral contract of indefinite duration. Under Pennsylvania law, where no clear mandate of public policy has been violated, an employee at will has no right of action against his employer for wrongful discharge. *Geary v.*

*United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). No argument has been made in this case that any public policy was violated by appellee's discharge.

However, appellee argued, and the trial court concluded, that an employee handbook issued by appellant constituted part of appellee's contract of employment. Appellee claims that the handbook established a definite tenure of employment, since it contained a statement that it was the policy of the hospital "to provide continual employment to all employees whose work proves satisfactory". The handbook also provided for a probationary period of employment, a disciplinary procedure and a grievance procedure. The court specifically found as a fact that the handbook applied to appellee. It based this finding on the testimony of appellee and her witnesses. It is interesting to note, however, that the court conceded that certain provisions of the handbook clearly had no application to appellee. It also concluded that appellee was not required to file a grievance pursuant to the grievance procedure set out in the handbook. The court concluded that appellant breached the terms of its "employment contract" with appellee, as set forth in the employee handbook, when it terminated her employment without just cause.

We hold that, even assuming that the handbook applied to appellee, the court erred in concluding that the policies set forth in the employee handbook constituted part of appellee's contract of employment.

■ In *Beider v. W.R. Grace, Inc.*, 461 F.Supp. 1013 (E.D.Pa.1978), *aff'd* 609 F.2d 500 (3rd Cir.1979), the federal district court held that under Pennsylvania law, failure to adhere to a company personnel policy does not create a cause of action for breach of an employment contract. We agree with that holding.

■ Appellant's unilateral act of publishing its policies did not amount to the "meeting of the minds" required for a contract. The terms of the handbook were not bargained for by the parties and any benefits conferred by it were

mere gratuities. *See Johnson v. National Beef Packing Co.,* 220 Kan. 52, 551 P.2d 779 (1976). In fact, the handbook was unilaterally revised by appellant twice during appellee's employment.

The record in this case clearly indicates that appellee's employment was terminable at will by either party. Therefore, appellant is not liable for breach of contract as a result of appellee's discharge.

Because of our disposition of this question, we do not need to discuss the other issues raised by appellant.

Judgment reversed.