**The SHARON STEEL CORPORATION and the Carpentertown Coal and Coke Company, Plaintiffs,**

v.

**The VJR COMPANY and James Cook, Sr.**

Civ. A. No. 84–753.

United States District Court, W.D. Pennsylvania.

March 8, 1985.

Robert J. Cindrich, Mansmann, Cindrich & Huber, Pittsburgh, Pa., for plaintiffs.

William A. Pietragallo, Pittsburgh, Pa., for defendants.

### OPINION

WEBER, District Judge.

This antitrust action is presently before the court on defendant's motion for reconsideration of this court's order dated February 12, 1985 in which the court granted plaintiffs' motion to dismiss the wrongful discharge counterclaim of defendant James Cook, Sr. 604 F.Supp. 420. Specifically defendant requests reconsideration of Count Five which alleges that Sharon Steel and Carpentertown had an employee manual which imposed a contractual obligation to terminate an employee only for just cause. Defendant argues that this court ignored the initial opinion in *Banas v. Matthews International Corp.*, Civil Action No. 1205, Superior Court of Pennsylvania, Pittsburgh, (unpublished) 1982. Defendants assert that this initial Superior Court decision remains, until changed by either the Superior or Supreme Court of Pennsylvania, the law in Pennsylvania, and that it controls this case.

We do not agree, but find the facts asserted by defendant's counterclaim to be more like those in *Richardson v. Charles Cole Memorial Hospital*, 320 Pa.Super. 106, 466 A.2d 1084 (1983) which was distinguished by the court in *Banas* and thus also remains good law. As *Banas* explains, *Richardson* held that an employee manual, which stated that (1) the hospital's policy was "to provide continual employment to all employees whose work [was] satisfactory," (2) the hospital promised a probationary employment period, and (3) the hospital had established work discipline

and grievance procedures, did not provide a definite tenure of employment.

We find that these facts are comparable to those that we considered here. Defendant indicates that the employee manual in question in this case states that (1) performance reviews will be made annually, (2) the performance review result will be part of an employee's permanent record and (3) the performance reviews will be used in determining an employee's future salary adjustments, promotion opportunities, future training and development activities, (4) the amount and timing of a merit increase is dependent upon such factors as the date of the employee's last increase, his place in the salary range, equity considerations and most importantly, overall job performance and contribution, (5) the company philosophy is to provide fair and equitable compensation so as to attract and retain the most qualified personnel, (6) those who receive the highest overall evaluations are those who are selected for the Management Training Program, (7) the company commits itself to the concept of developing qualified personnel within the organization, and (8) employees are selected for consideration through Supervisor's recommendations, performance appraisal reviews and the Career Advisory Program. Defendant argues that this shows that the manual promises fair and equitable dealing to employees of Sharon Steel and a promise to dismiss salaried employees only for just cause. Since Cook, Sr. worked for Sharon Steel he thereby accepted this unilateral contract offer and rendered consideration. Further, defendant asserts that it is this contract which was breached in mandating that Cook, Sr. take an early retirement.

On this motion to dismiss we accept all defendant's claims regarding the manual's contents as true. However, we do not find nor does defendant assert that there is any express provision in the manual which would prohibit the company from mandating early retirement except for just cause. Therefore, assuming for purposes of this motion that there was a contract, the terms do not include any provision regarding continuity of employment. The terms cited by defendants pertain to advancement, merit increases and training opportunities. *Banas* is distinguishable in that an employee-at-will was terminated after taking actions specifically provided for in the employee manual, and after obtaining permissions from his supervisors as expressly provided therein.

An appropriate order will issue.