## Stewart v. Gettysburg College

398

*Penny Blackwell,* for plaintiff.
*Robert L. McQuaide,* for defendant.

SPICER, *P.J.,* October 30, 1985—Gettysburg College, defendant, has filed preliminary objections in the form of a demurrer to a complaint filed by a dismissed employee. Plaintiff, employed as a security guard until her firing on an unspecified date after May 27, 1985, seeks damages for wrongful discharge, slander and breach of an employment agreement.

The complaint alleges that plaintiff's employment began February 4, 1980. We are told none of the details or circumstances of hiring. On May 27 1985, other college personnel gave her a wallet which had been discovered in the trash and told her to take it to "lost and found." She took it to the Student Life Office and was accused by an unidentified person of stealing money from the wallet. Based upon this accusation, the college fired her.

The action for wrongful discharge is contained in Count I. Plaintiff alleges that she was fired without due process and in derogation of her right to be presumed innocent. She contends that these are important matters of public policy.

It would seem Pennsylvania clearly recognizes the tort of wrongful discharge. The Supreme Court in Geary v. U.S. Steel Corporation, 456 Pa. 171, 319 A.2d 174 (1974), suggested that such an action might be recognized when the discharge threatens

public policy. There have been a host of cases holding that various public policies may be the basis for such an action. Perhaps not surprisingly, many decisions emanate from federal courts.[1] Pennsylvania courts seem to be more demanding than federal counterparts and require that a "clear mandate of public policy is violated by the discharge." Cisco v. United Parcel Services, Inc., 328 Pa. Super. 300, 476 A.2d 1340 (1984).

We could discuss the considerations relevant to determining the legal sufficiency of the claim[2] but the fact is, Cisco is dispositive of this case. A UPS driver was given the option of resigning or getting fired because of suspicion of theft. He resigned and

---

1. Requiring an employee to submit to a lie detector test. Perks v. Firestone Tire and Rubber, 611 F.2d 1363 (3rd Cir. 1979). Requiring employee to lobby for repeal of No-fault Insurance. Novosel v. Nationwide Insurance Company, 721 F.2d 894 (1983). Firing because employee filed a workman's compensation claim. Rettinger v. American Can Company, 574 F.Supp. 306 (M.D., Pa. 1983); Cf. Berube v. Ski Roundtop, Inc., 25 Adams L.J. 163 (1983), involving unemployment compensation.

2. In Berube, we cited four considerations which included other statutory sanctions, we gleaned from Geary and D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company, 494 Pa. 501, 431 A.2d 966 (1981). The Superior Court had earlier determined that the seven considerations relevant to interference with the performance of a contract applied to wrongful discharge; Yaindl v. Ingersoll Rand, 281 Pa. Super. 560, 422 A.2d 611 (1980), followed in Novosel, supra. Restatement (Second) Torts §766. The Restatement does not consider remedies for violation of the public policy involved. The Superior Court did not consider D'Ambrosio or statutory remedies in Reuther v. Fowler & Williams, Inc., 255 Pa. Super. 28, 386 A.2d 119 (1978) (discharge because of jury service), but the federal court considered statutory remedies in Wolk v. Saks Fifth Avenue Inc., 728 F.2d 221 (1984).

reapplied for his job after being found not guilty of theft. The employee sued for wrongful discharge and the former employer demurred. The Superior Court held that the demurrer had been properly sustained, saying:

"While the full panoply of rights incident to a criminal defendant were entitlements of appellant in his trial experience, including the right to be presumed innocent until proven guilty, these rights which are ensured by both the United States and Pennsylvania Constitutions are not necessarily meant to, nor can they, be superimposed into an accused's remaining life experiences. Thus, marriages crumble when one is adjudged guilty without ever being considered innocent and jobs are lost when the employer, for a legitimate business reason, cannot risk even someone under suspicion of having committed theft and trespass when the nature of its business is to enter onto the premises of others and to deliver parcels which belong to them. Thus, our survey of the applicable case law constrains us to affirm the order of the lower court which dismissed his complaint." 476 A.2d at 1344.

The rule in these cases is that complaints will be dismissed if a plausible and legitimate reason for terminating the employment appears in the complaint and no clear mandate of public policy is violated or threatened by the dismissal. Id. In Cisco, the court said that United Parcel had a legitimate reason to have its employees above suspicion. The same is true of a security guard.

The demurrer to wrongful discharge is sustained.

It is obvious that the complaint does not establish a cause of action for defamation. There is no allegation that the unidentified employee of the college ever told anyone other than plaintiff about the accusation of theft or that the college made known its

reasons for dismissal to anyone other than plaintiff. Publication is essential. Gaetano v. Sharon Herald Company, 426 Pa. 179, 231 A.2d 753 (1967).

In fairness to plaintiff, she recognizes that the complaint is deficient and asked for leave to amend at oral argument. Leave will, of course, be granted.

The claim for breach of contract has more surface appeal than the other two. There is, as previously mentioned, an allegation that the handbook formed an agreement. However, there are no allegations which support this conclusion. In the absence of any allegations concerning the formation of the contract of employment, we conclude that it was oral. A statement in the handbook indicates that it will be revised unilaterally by the college from time to time.

Several cases indicate that allegations an employer breached its own policies and procedures in dismissing an employee will save a complaint from dismissal. Novosel, supra, Wagner v. Sperry Univac, Division of Sperry Rand Corp., 458 F.Supp. 505 (1978). In Njoku v. University of Pittsburgh et al., 131 P.L.J. 437 (1982), the court held that employment policies did not create a contract but essentially held that an employer was estopped from ignoring such policies. This is one of the theories advanced to make such policies binding on employers. See Employment at Will — Restraints on Discharge, 33 ALR4th 120.

However appealing the rationale expressed in these views, it appears the decisions do not represent Pennsylvania law because of Richardson v. Charles Cole Memorial Hospital, 320 Pa. Super. 106, 466 A.2d 1084 (1983). This case did not involve preliminary objections. A verdict for an employee was set aside on appeal with the statement

that unilaterally adopted policies are mere gratuities. The Superior Court opinion indicates that the trial court engaged in some intellectual straining to make a handbook support a plaintiff's claim. The trial court found inapplicable certain procedures that one might suppose should have applied if the handbook were entitled to any consideration. Of course, the trial court may have been misinterpreted. Another judge once said he had never been reversed because the appellate courts always seemed to decide cases that were different than those he had decided.

Despite the differences between the development of the case in Richardson and the one sub judice, it is clear that the handbook cannot help plaintiff as the complaint now reads.

Plaintiff originally asked for counsel fees but withdrew this request at time of oral argument.

It is possible that plaintiff may be able to successfully amend with respect to the count in defamation and the count for breach of contract. We can see no possibility of a successful amendment with respect to wrongful discharge. Whether or not the accusations of theft were reasonable would seem to make no difference. The same charges were characterized as malicious and untrue in Cisco, supra.

The attached order will be entered.

## ORDER OF COURT

And now, this October 30, 1985, the demurrers to the complaint are sustained. Plaintiff may file an amended complaint relating to defamation and breach of contract but not to wrongful discharge within 20 days hereto.