507 A.2d 430

**Rudolf MUSCARELLA, Appellant,**

**v.**

**MILTON SHOE MANUFACTURING COMPANY, INC.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed April 11, 1986.

Charles J. McKelvey, Williamsport, for appellant.

Gary Glaser, New York City, for appellee.

Before WIEAND, WATKINS and GEISZ *, JJ.

WATKINS, Senior Judge:

This is an appeal from an Order entered June 15, 1984, in the Court of Common Pleas of Northumberland County

* Honorable John A. Geisz, Senior Judge of the Court of Common Pleas of Philadelphia County, is sitting by designation.

granting defendant-appellee's preliminary objections and dismissing plaintiff-appellant's amended complaint.

On September 17, 1981, appellant, Muscarella, filed his complaint in Assumpsit alleging that he was wrongfully discharged by appellee. On October 1, 1981, appellee, Milton Shoe, filed Preliminary Objections in the nature of a Motion for a More Specific Complaint, Motion to Strike and a Demurrer. The court below sustained appellee's preliminary objections requesting a More Specific Complaint but dismissed the Motion to Strike and the Demurrer.

On May 26, 1983, appellant filed his Amended Complaint and on June 29, 1983, appellee filed Preliminary Objections in the nature of a demurrer. On June 15, 1984, the Honorable Samuel C. Ranck entered an Order granting the Preliminary Objections and dismissing appellant's Amended Complaint. Notice of Appeal to this Court followed on July 13, 1984.

In August, 1971, appellant lived and worked in New York City. He was hired by appellee's president, Saul Putterman, to work as a lasting superintendent at appellee's shoe factory in Milton PA. Appellant worked in this capacity at the Milton plant from September 1, 1971, to March 13, 1980 when he was discharged.

Appellant presents the following questions for our consideration:

Does an employee have a cause of action in Assumpsit against an employer who breaches conditions in an oral contract of employment. Specifically, did the oral contract of employment create enforceable contract rights that:

(1) appellant would be discharged only for just cause? and

(2) that appellant would receive a pension as part of his wage package.

In his first issue appellant contends that he was employed by appellee under an oral contract of employment. Further, appellant contends that he was covered by a company policy, albeit, implied and unwritten, to discharge only for

"just cause" and argues that this provided a durational element to his employment and creates enforceable contract rights as to his discharge.

In *Banas v. Matthews International Corporation*, 348 Pa.Superior Ct. 464, 502 A.2d 637 (1985), this Court had an opportunity to examine the employment-at-will rule. The *Banas* Court recognized that:

> In Pennsylvania the settled rule is that ",[a]bsent a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any or no reason." *Geary v. United States Steel Corp*, 456 Pa. 171, 175, 319 A.2d 174, 176 (1974) *Banas, supra,* 348 Pa.Superior Ct. 479, 502 A.2d 644.

Appellant attempts to avoid the applicability of the employment-at-will doctrine by arguing that "the parties entered into a contract dealing with the duration of the employment relationship". Appellant invokes *Cummings v. Kelling Nut Co.*, 368 Pa. 448, 84 A.2d 323 (1951) and asserts that the durational element necessary to defeat employment terminable at will discussed in *Cummings,* supra, was satisfied in the instant case. Appellant contends that the contract provided that the employment relationship would continue so long as services were satisfactory or unless and until plaintiff gave just cause for discharge.

In *Cummings,* supra, the Supreme Court reiterated the employment-at-will rule and emphasized that a specific "length of time" is an essential element of any contract of employment, without which no cause of action will lie.

The *Cummings,* supra, Court went on to state:

> If the employee obtains no promise of employment for a definite or reasonable length of time, he gambles on his retention and the probability that the employment will be continued if his services are satisfactory. On the other hand, he is free at any time to quit the job.

In the absence of an agreement for a fixed period of time, a hiring is at will and no cause of action in assumpsit will lie for its termination. *Richardson v. Charles Cole Memorial Hospital,* 320 Pa.Superior Ct. 106, 466 A.2d 1084 (1983).

Although appellant avers in his Amended Complaint that he was employed under an oral contract of employment from September 1, 1971, to March 13, 1980, nowhere does the appellant contend that the alleged oral contract of employment was for a specific or definite period of time. Rather appellant asserts that the durational element necessary to defeat employment terminable at will discussed in *Cummings,* supra, was satisfied by arguing that the contract provided that the employment relationship would continue so long as services were satisfactory or unless and until appellant gave just cause for discharge.

Nowhere in the Amended Complaint is it averred that appellant's purported oral contract of employment contained any provision that appellant's employment would continue so long as services were satisfactory. Nor is it averred that appellant's purported individual contract of employment provided that his employment would continue unless and until appellant gave just cause for discharge or that such provision was expressly negotiated or agreed to by the parties. Rather appellant only alleges the existence of a general company policy to this effect. As the trial court pointed out: "it is well established that failure to adhere to a company personnel policy does not create a cause of action for breach of an employment contract." See *Richardson v. Charles Cole Memorial,* supra. Accordingly, we conclude, as did the court below, that the appellant has failed to state a cause of action by his allegations of wrongful discharge.

The remaining questions raised in this appeal were adequately answered by the court below. No further discussion is necessary.

Order affirmed.