Mary HALL, Plaintiff,

v.

CENTRAL MEDICAL
PAVILLION, Defendant.

Civ. A. No. 86–1813.

United States District Court,
W.D. Pennsylvania.

Feb. 26, 1987.

which ultimately led to her layoff. A younger woman, hired shortly after Mary Hall, was allegedly less qualified when hired, yet as a result of training and on-the-job exposure to various tasks denied to plaintiff, she was retained when plaintiff was laid off. Mary Hall alleges she was qualified for the position; a younger person was given the position instead of her, and if that younger person had any better qualifications at the time of plaintiff's lay-off they were gained only as a result of defendant's consistent denial of employment opportunities to plaintiff because of her age. This constitutes Mary Hall's prima facie case.

Defendant Central Medical Pavillion has moved for summary judgment offering the following scenario as evidence of its legitimate business reason for plaintiff's layoff. In April, 1985, Central Medical implemented a reduction in staff. This decision was made in reaction to certain losses in Medicare and Medicaid revenues as well as the need to repay $900,000 to Medicare from an overpayment made in 1984. The necessary layoffs were made in a non-discriminatory fashion without regard to age. Employee layoffs were made in order of seniority within job titles by department, so that the least senior employee was laid off first. Hall received no protection from this provision though because she was the only employee in her job title. Barry Carr, Vice-President of the Human Resources, made the decision to retain Snyder instead of Mary Hall because of her broader educational background and experience. This decision was based in part on the fact that Snyder had one master's degree and was pursuing a second master's degree, whereas Hall has a high school diploma. Also Snyder had a broader range of experience with the various tasks which would have to be fulfilled by the person retained. Carr indicates that Snyder was given the opportunity to gain this experience in part because of her teaching background.

Plaintiff's allegations of discriminatory conduct culminating in a layoff from a job for which she was arguably

Daniel W. Ernsberger, Pittsburgh, Pa., for plaintiff.

P. Jerome Ritchey, Peter J. Ennis, Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an employment discrimination case in which plaintiff, Mary Hall, alleges that because of her age she was denied employment opportunities and training

qualified, over a period when a younger employee was arguably treated more favorably, establishes a prima facie case. *Duffy v. Wheeling Pittsburgh Coal Corporation,* 738 F.2d 1393 (3d Cir.1984). Defendant has come forth with evidence to establish a legitimate, nondiscriminatory reason for the layoff. It is clearly plaintiff's burden to show that the proffered justification is a pretext. Plaintiff attempts to meet this burden by inferences which may be drawn by a trier of fact from the various circumstances she recites. Credibility of the witnesses will also play a key role in this determination, and therefore we will deny defendant's motion for summary judgment on the age discrimination claim. *See, Graham v. F.B. Leopold Company, Inc.,* 779 F.2d 170 (3d Cir.1985).

Defendant has also moved for summary judgment on plaintiff's contract claim. Plaintiff alleges that an employment contract existed and was governed by the terms of the policy manual. Plaintiff relies on an agreement of employment which required plaintiff to accept hospital policies and practices and on wording in a personnel guide which states:

> It is CMHS intent to provide employees with the orientation and training they need to handle their current job successfully and to afford training and career development opportunities which will help interested, capable employees to prepare for positions of greater responsibility.

The manual also says under the heading of Transfers and Promotions:

> CMHS policy is to fill a job vacancy by transferring or promoting from within when present employees who are qualified for the position are available. Employees who have been in their current job six months or longer may request transfer or promotion to an existing vacancy. All applicants will be considered on the basis of their qualifications and the six months eligibility requirement.
>
> Job vacancies are posted on Personnel Services and employee bulletin boards for at least five full days. Interested, eligible employees may apply at any time during the posting period.
>
> This job posting system can be effective only if employees who are resigning give the required advance notice of resignation.

The policy manual goes on to state that at time of layoff individuals with the same job title and department will be laid off in order of seniority.

Defendant's motion for summary judgment indicates that the employer unilaterally distributed the handbook to employees and retained the right to modify the handbook at will. In fact, substantial modifications were made during Hall's employment. Defendant cites the following provisions as pertinent:

Changes

Policies, procedures, benefits and other conditions of employment are under constant review by CMC & H management to assure the best working conditions and highest quality patient care. CMC & H *reserves the right, therefore, to revise or eliminate any policies and any information in this handbook.*

.    .    .    .    .

Introductory Period

As a new or rehired employee, the first three months of your employment is considered a formal introductory period.

The introductory period gives you the opportunity to reach the standards of performance required in your new position. During your introductory period your supervisor will give you the support you need to learn your job. *You do not have a contractual or implied right to employment at the end of the 90 day period. No policy, practice or benefit mentioned in this handbook is an employment contract or a term of employment. Your employer may terminate your employment at any time and reserves the right to do so.* Nothing in this booklet is intended as an inducement or consideration for employment.

.    .    .    .    .

Termination of Employment

. . . . .

If CMC & H terminates an employee for cause or *for reasons in its best interest,* the termination may be with or without advance notice and/or with or without pay in lieu of notice.

. . . . .

Handbook not a Contract

Although this booklet describes in general terms the principal features of your employee benefits, it is not a contract. The complete provisions and terms of coverage are set forth in the Master Policies issued by the insurers. The Master Policies are the controlling documents for interpretation. Nor does anything in this summary constitute a consideration or inducement for employment. *This summary does not give any employee the right to be retained in the service of the employer or to interfere with the right of the employer to discharge any employee at any time,* regardless of the effect such discharge would have upon any benefits.

(Carr Aff. ¶ 11 and Ex. 7 (Emphasis added).

 We believe that plaintiff's employment was at-will and that the personnel guide contains no express agreement to the contrary. We find nothing in the guide language which would indicate any intention on the employer's part to convert the relationship into employment for a definite term or into anything other than at-will employment. For this reason, we will grant defendant's motion for summary judgment on the contract claim as a matter of law since, in Pennsylvania, an at-will employee may be terminated for any or no cause as long as the discharge does not violate any public policy. *See Veno v. Meredith,* 357 Pa.Super. 85, 515 A.2d 571, 577–80 (1986); *Martin v. Capital Cities Media,* 354 Pa.Super. 199, 511 A.2d 830, 834–42 (1986); *Darlington v. General Electric,* 350 Pa.Super. 183, 504 A.2d 306–316–17 (1986); *Banas v. Matthews Int'l. Corp.,* 348 Pa.Super. 464, 502 A.2d 637 (1985); *Richardson v. Cole Memorial Hospital,*

320 Pa.Super. 106, 466 A.2d 1084, 1085 (1983).