Francisco J. ALLENDE

v.

WINTER FRUIT DISTRIBUTORS, INC.
and Eric Schakel.

Civ. A. No. 88–9066.

United States District Court,
E.D. Pennsylvania.

March 21, 1989.

Kathleen J. Byrnes, Michael F. Kraemer, Philadelphia, Pa., for plaintiff.

Daniel J. Dugan, Philadelphia, Pa., for Winter Fruit Distributors, Inc., and Eric Schakel.

## MEMORANDUM

NEWCOMER, District Judge.

This is an action for breach of an employment contract and violation of the Pennsyl-

vania Wage Payment and Collection Law. Presently before the court is defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## I. *Standard of Review*

Pursuant to Fed.R.Civ.P. 12(b)(6), a court should dismiss a case for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Because granting such a motion results in a determination on the merits at such an early stage of plaintiff's case, the district court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." *Colburn v. Upper Darby Township,* 838 F.2d 663, 664–65 (3d Cir.1988) (quoting *Estate of Bailey by Oare v. County of York,* 768 F.2d 503, 506 (3d Cir.1985)). As is appropriate, the factual background information that follows is stated in the light most favorable to the plaintiff.

## II. *Factual Background*

Plaintiff Francisco J. Allende was employed by Winter Fruit Distributors, Inc. from September 1985 until his dismissal on October 17, 1988. Allende held the position of Vice President of Finance and Administration in the company's Philadelphia office. Defendant Winter Fruit Distributors was acquired by Western Agri–Management International in August 1988. Defendant Eric Schakel, a principal in Western Agri–Management, became the president and chief executive officer of Winter Fruit.

On August 23, 1988, Schakel advised Allende and others that by the end of September 1988, a bonus system would be de-

signed and implemented providing bonus opportunities for all employees. Schakel also met with Allende during September 1988 concerning Allende's employment. At the time, Schakel was aware that Allende had been offered employment elsewhere. Schakel urged Allende not to accept other employment and agreed to continue to employ Allende during the current business season.[1] In reliance on both the promise of a bonus and the promise of continued employment during the current business season, Allende rejected the alternative offer of employment in order to remain at Winter Fruit.

Despite the various promises made by Schakel, Allende's employment was involuntarily terminated on October 17, 1988, and the business of Winter Fruit was relocated shortly thereafter to Visalia, California. Allende then brought suit against Winter Fruit and against Schakel seeking to recover unpaid salary through the end of the business season, and unpaid bonus, automobile allowance, and fringe benefits. Damages are sought for breach of the parties' oral agreement and violations of the Pennsylvania Wage Payment and Collection Law (WPCL), 43 Pa. Cons.Stat.Ann. § 260.1 et seq.

## III. *Discussion*

The WPCL provides in relevant part:

(a) Separated Employees. Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, the wages or compensation earned shall become due and payable not later than the next regular payday of his employer on which such wages would otherwise be due and payable. If requested by the employee, such payment shall be made by certified mail.

43 Pa.Stat.Ann. § 260.5 (Purdon Supp. 1988–89).[2]

---

1. The business season for the importing of South American fruit is from November through July.

2. The WPCL defines "wages" as follows:
   Includes all earnings of an employe, regardless of whether determined on time, task,

piece, commission or other method of calculation. The term "wages" also includes fringe benefits or wage supplements whether payable by the employer from his funds or from amounts withheld from the employees' pay by the employer.

The nature of the WPCL is not to create a right of compensation but to provide protection to employees in the event an employer breaches a contractual obligation to pay wages. *Sendi v. NCR Comten, Inc.*, 619 F.Supp. 1577 (E.D.Pa.1985). The WPCL applies only to "back wages already earned," *Weingrad v. Fischer & Porter Company*, 47 Pa.D. & C.2d 244 (C.P. Bucks County 1968).[3] Whether the particular monies sought are "wages or compensation" depends upon the term of the contract between the parties. *Sendi*, 619 F.Supp. at 1579 (citing *Heimenz v. Pennsylvania Power & Light Co.*, 75 Pa.D & C 2d 405, 406 (C.P. Lycoming County 1976). The contract between the parties also determines whether the wages or compensation have been "earned." *Sendi*, 619 F.Supp. at 1579.

In their motion to dismiss, defendants' claim that because the complaint seeks recovery for wages due in the future and for a bonus pursuant to a plan that was never adopted, plaintiff has failed to state a cause of action under the WPCL. In his complaint, plaintiff states that he is entitled to recover the following amounts:

| | |
|---|---|
| (1) unpaid salary through 7/31/89 | $52,500.00 |
| (2) unpaid bonus | 17,500.00 |
| (3) unpaid automobile allowance | 3,600.00 |
| (4) unpaid benefits | 4,050.00 |
| TOTAL: | $77,650.00 |

Complaint, ¶ 15(a). The "unpaid bonus" amount relates to the period August 23, 1988, to July 31, 1989. Plaintiff's Memorandum in Opposition at 4. The unpaid automobile allowance and benefits relate to the period ending July 31, 1989. *Id.* at 5–6.

As previously stated, the WPCL provides protection to employees in the event an employer breaches a contractual obligation to pay *"wages or compensation earned."* 43 Pa.Stat.Ann. § 260.5 (Purdon Supp. 1988–89) (emphasis added); *see also Sendi*

*v. NCR Comten, Inc.*, 619 F.Supp. 1577, 1579 (E.D.Pa.1985). The plain words of the statute, then, indicate that it applies to *wages or compensation* (including fringe benefits or wage supplements as defined in 43 Pa.Stat.Ann. § 260.2a) that have already been *earned* by the separated employee.

Accordingly, Allende's complaint under the WPCL states a valid claim for recovery for wages or compensation already earned at the time of his termination on October 17, 1988, but fails to state a claim upon which relief can be granted with regard to wages or compensation (including fringe benefits or wage supplements) not yet earned and or relating to periods after his termination. As to whether a contract for bonus payments to Allende existed and whether any of the purported bonus was earned as of Allende's termination date, the court is unable to conclude with certainty that no relief could be granted under any set of facts which could be proved. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). Therefore, the court will not dismiss plaintiff's claim for bonus payments allegedly due.

An appropriate order follows.

### ORDER

AND NOW, this 21st day of March, 1989, for the reasons stated in the accompanying memorandum, it is hereby Ordered as follows:

1. Defendants' motion to dismiss complaint against Eric Schakel and claims for relief under the Wage Payment and Collection Law (docket entry no. 4) is GRANTED IN PART and DENIED IN PART, as follows:

a. The motion is GRANTED for failure to state a claim upon which relief can be granted with regard to wages or compensa-

---

43 Pa.Stat.Ann. § 260.2a (Purdon Supp.1988–89).

"Fringe benefits or wage supplements" include: separation, vacation, holiday, or guaranteed pay; reimbursement for expenses; union dues withheld from the employees' pay by the employer; and any other amount to be paid pursuant to an agreement to the em-

ploye, a third party or fund for the benefit of employees.
*Id.*

**3.** Although *Weingrad* was decided prior to amendment of the WPCL in 1977, the Pennsylvania Superior Court approvingly cited that case in *Ressler v. Jones Motor Co.*, 337 Pa.Super. 602, 487 A.2d 424, 428 (1985).

tion (including fringe benefits or wage supplements) not yet earned as of, or relating to periods after, Allende's termination.

b. The motion is DENIED to the extent that Allende's complaint seeks recovery for wages or compensation already earned at the time of his termination on October 17, 1988.

c. Accordingly, the motion to dismiss Eric Schakel is DENIED.

2. Defendant Schakel's motion for protective order (docket entry no. 6) is DENIED. Unless otherwise agreed to by the parties, the deposition of Eric Schakel shall take place in Philadelphia, Pennsylvania, at defendants' expense.

AND IT IS SO ORDERED.