## McCabe v. Women's Resources
## of Monroe County Inc.

*Edmund G. Flynn,* for plaintiff.
*John K. Baker,* for defendant.

CHESLOCK, *J.,* August 24, 2006—This matter comes before the court on defendant, Women's Resources of Monroe County Inc.'s (WRMC) motion for judgment on the pleadings. The basic facts of the case can be summarized as follows: The plaintiff commenced this action on August 4, 2004 by complaint, which alleges that she was wrongfully discharged without warning, notice, counseling or an opportunity to be heard. In her complaint, the plaintiff, Teresa McCabe, alleges that she was wrongfully discharged by WRMC for violating the safety and confidentiality of a child to which plaintiff was providing services. Plaintiff allegedly encouraged the child to contact father about missed visitations. The complaint indicates that the discharge was in violation of public policy of this Commonwealth. Plaintiff contends the public policy involves supporting the fullest exercise of parental rights, including visitation, unless specifically prohibited or limited by order of court. Thereafter, on September 20, 2004, WRMC filed preliminary objections which were denied by the Honorable Peter J. O'Brien on November 5, 2004. On November 29, 2004, WRMC filed an answer with new matter in which it substantially denies the allegations of plaintiff's complaint and sets forth in new matter that plaintiff's claims are barred. WRMC filed a motion for judgment on the pleadings and a motion for sanctions on June 9, 2006. A praecipe for argument was filed and the matter was listed for oral argument. Oral argument was heard

on August 7, 2006 and this matter is now before the court for disposition.

Pa.R.C.P. 1034 provides as follows:

"(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.

"(b) The court shall enter such judgment or order as shall be proper on the pleadings."

Pa.R.C.P. 1034 provides for a motion for judgment on the pleadings to be used to test whether such a cause of action as pleaded exists at law. *Bensalem Township School District v. Commonwealth of Pennsylvania,* 518 Pa. 581, 544 A.2d 1318 (1988). "A motion for judgment on the pleadings is in the nature of a demurrer." *Ridge v. State Employees' Retirement Board of the Commonwealth of Pennsylvania,* 690 A.2d 1312, 1314 n.5 (Pa. Commw. 1997). (citation omitted) A judgment on the pleadings may be entered where there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. *Kosor v. Harleysville Mutual Insurance Company,* 407 Pa. Super. 68, 595 A.2d 128 (1991). In determining if there is a dispute as to facts the court must confine its consideration to the pleadings and relevant documents. *DiAndrea v. Reliance Savings and Loan Association,* 310 Pa. Super. 537, 456 A.2d 1066 (1983). Furthermore, "no factual material outside the pleadings may be considered." Goodrich-Amram, 2d §1035:1, p. 423. "The court must accept as true all well pleaded statements of fact, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those

facts which were specifically admitted." *Conrad v. Bundy,* 777 A.2d 108, 110 (Pa. Super. 2001). "All averments of fact properly pleaded in the adverse party's pleadings must be taken as true, or as admitted, unless their falsity is apparent from the record." *Bykowski v. Chesed Co.,* 425 Pa. Super. 595, 598, 625 A.2d 1256, 1258 (1993). (emphasis omitted) With this standard in mind, the court will examine the question of whether WRMC's motion should prevail.

WRMC argues in support of its motion that plaintiff has no cause of action for wrongful termination of her employment relationship under Pennsylvania law. It is a well established principle that absent a clear violation of public policy, an at-will employee may be terminated for good cause, bad cause and no cause at all. *Rank v. Township of Annville,* 163 Pa. Commw. 492, 641 A.2d 664 (1994). However, the courts of this Commonwealth have recognized that a cause of action for wrongful termination of an at-will employment relationship does exist where a clear mandate of public policy is violated by the termination. *Reuther v. Fowler & Williams Inc.,* 255 Pa. Super. 28, 386 A.2d 119 (1978). The violation of a clear mandate of public policy in the past has been either political activities of the employer, jury duty responsibilities of an employee or employee's right to freedom of expression. *Kilpatrick v. Laneco Inc.,* 38 D.&C.3d 31, 34 (Northamp. Cty. 1985). In addition, a wrongful discharge cause of action may exist where there is specific intent on the part of the employer to hurt the employee. *Id.* However, the employee must demonstrate that the discharge was for the specific purpose of causing him harm. *Harrison v. F. James P.A. Inc.,* 558 F. Supp. 438 (Pa. 1983).

In reviewing the pleadings and accepting as true all well pleaded facts and considering only those facts which were specifically admitted, we find that plaintiff's complaint fails to set forth a cause of action for wrongful discharge for a clear violation of public policy. Although plaintiff alleges that the public policy of this Commonwealth supports the fullest exercise of parental rights, including visitation, unless specifically prohibited or limited by order of court, this is not a right she is asserting for herself. Moreover, she does not allege that defendant discharged her for the specific purpose of causing her harm. We believe the plaintiff has failed to point to any statutory or public policy to substantiate her cause of action. Hence, it would be proper for this court to grant WRMC's motion for judgment on the pleading and grant the entry of a judgment in favor of it and against plaintiff.

Plaintiff's complaint also alleges that she was wrongfully terminated in violation of the terms contained in WRMC's employee manual. Our Supreme Court has stated that a handbook distributed to employees as an inducement for employment may be an offer and its acceptance a contract. *Morosetti v. Louisiana Land and Exploration Company,* 522 Pa. 492, 495, 564 A.2d 151, 152 (1989). The *Morosetti* court opined that it was not sufficient to show only that the employer had a policy (handbook), but that the employer intended to offer it as a binding contract. *Id.* The employer must communicate the policy as part of a definite offer of employment or they are free to change (the policy) as events may require. *Id.* (citing *Richardson v. Charles Cole Memorial Hospital,* 320 Pa. Super. 106, 466 A.2d 1084 (1983)).

Instantly, plaintiff's complaint alleges that her termination was not justified under the policies regarding discipline as found in the defendant's employee manual, to which plaintiff had a right to rely. Additionally, the complaint alleges that the termination was in direct violation of its stated policy for discipline. In applying the above standard, and also accepting as true the allegations contained in plaintiff's complaint, we cannot grant WRMC's motion. Although the facts contained in the complaint fail to clearly allege a binding contract, at this stage in the case, we cannot clearly say that there cannot be a cause of action against WRMC. As such, we are required to deny the entry of judgment. This shall not prohibit WRMC from challenging plaintiff's cause of action, if proper, at a later time. Accordingly, we will deny WRMC's motion.

The next issue before the court is WRMC's request for sanctions against plaintiff pursuant to Pennsylvania Rule of Civil Procedure 1023.1. Rule of Civil Procedure 1023.1 states in pertinent part that a "signature of an attorney or pro se party constitutes [certification] that the signatory has read the pleading . . . [and] certifies that, to the best of that person's knowledge, information and belief, . . . (c)(1) it is not being presented for an improper purpose . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law ... (3) the factual allegations have evidentiary support ... (d) if, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, . . . impose an appropriate sanction upon any attorneys, law firms and parties that have violated subsection (c)." This court has significant

discretion to determine whether to impose sanctions. *Id.* We believe that the imposition of sanctions should be sparingly granted because of the chilling effect it may have on the rights of all parties to litigate controversies to conclusion. Further, we have determined that based upon the pleadings, plaintiff may have a cause of action for wrongful termination. However, at this time, it is premature for determination. Accordingly we decline to grant WRMC's request for sanctions.

In accordance with the foregoing, we enter the following order:

## ORDER

And now, August 24, 2006, the defendant, Women's Resources of Monroe County Inc.'s motion for judgment on the pleadings is denied and its request for sanctions is denied.