386 A.2d 119

**Robert REUTHER, Appellant,**

v.

**FOWLER & WILLIAMS, INC.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1977.

Decided April 28, 1978.

John P. Pesota, Scranton, with him Munley & Munley, Scranton, for appellant.

Paul A. Barrett, Scranton, with him John Q. Durkin, Scranton, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant sued his former employer in trespass, alleging that he had been maliciously, wrongfully, injuriously and intentionally discharged from his employment in retaliation for his having taken a week off from work to serve on jury duty. After appellant's evidence, the lower court entered a compulsory nonsuit; this appeal is from the court's order discharging a rule to show cause why the nonsuit should not be taken off.

■ In general, there is no non-statutory cause of action for an employer's termination of an at-will employment relationship. *Geary v. United States Steel Corp.*, 456 Pa. 171, 319 A.2d 174 (1974). However, our Supreme Court has indicated that where a clear mandate of public policy is violated by the termination, the employer's right to discharge may be circumscribed:

It may be granted that there are areas of an employee's life in which his employer has no legitimate interest. An intrusion into one of these areas by virtue of the employer's power of discharge might plausibly give rise to a cause of action, *particularly where some recognized facet of public policy is threatened.* The notion that substantive due process elevates an employer's privilege of hiring and discharging his employees to an absolute constitutional right has long since been discredited.

*Id.*, 456 Pa. at 184, 319 A.2d at 180 (emphasis added; footnote omitted).

Courts of other jurisdictions have allowed causes of action in similar circumstances. *See, e. g., Petermann v. International Brotherhood of Teamsters,* 174 Cal.App.2d 184, 344 P.2d 25 (1959) (employee dismissed for refusal to commit perjury); *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973) (employee dismissed for filing claim against employer under workman's compensation statute); *Monge v. Beebe Rubber Co.,* 114 N.H. 130, 316 A.2d 549 (1974) (employee dismissed as result of harassment by foreman, whose hostility stemmed from employee's refusal to accept his social invitations).

Of most direct pertinence to this case is *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975). There, an employee informed her employer that she had been called for jury duty. The employer gave the employee a letter to the court, stating that she could be spared from her work "for awhile" but not for a month (apparently the length of jury service in the county in question), and asking that she be excused. When the employee handed the letter to the court clerk, she said that she would like to serve her duty; the clerk replied that

she would not be excused. The employee informed her employer that she would have to serve a minimum of two weeks' jury duty. Three days after she began her service, the employee received a termination letter, in which her employer stated that she was being fired because she had not pressed the employer's request that she be excused from serving, and also because the employer was otherwise dissatisfied with her work. The trial court allowed the case to go to a jury, which found for the employee. Affirming, the Supreme Court of Oregon held that the community's interest in having its citizens serve on jury duty was so important that an employer who interfered with that interest by discharging an employee who served on a jury could be required to compensate the employee for damages suffered.[1]

█ The broad dictum of *Geary v. United States Steel Corp., supra,* and the reasoning of *Nees v. Hock, supra,* lead us to conclude that the law of this Commonwealth recognizes a cause of action for damages resulting when an employee is discharged for having performed his obligation of jury service. The jury system and jury service are of the highest importance to our legal process. "Trial by jury shall be as heretofore, and the right thereof remain inviolate. . . ." Pa.Const. art. I, § 6, as amended by May 18, 1971. "[S]ummonses for jury service . . . shall be deemed summonses of the court, and disobedience to them shall be considered the same as disobedience to any other summons of the court." 17 P.S. § 1336.[2] One who fails to appear when summoned for duty may be ordered to pay for every such default a sum not exceeding thirty dollars. 17 P.S. § 1099.[3] The United States Supreme Court held the Sixth

1. As to the possibility that the employee had been discharged for the second reason stated by the employer, namely, dissatisfaction with her work, the court noted that there was evidence from which the jury could have concluded that this was not in fact the cause of the termination.

2. Act of May 17, 1939, P.L. 157, § 5, as amended Aug. 1, 1963, P.L. 437, § 1; April 3, 1968, P.L. 89, No. 41, § 2, eff. June 30, 1968; 17 P.S. § 1336 (Supp.1977).

3. Act of April 14, 1834, P.L. 333, § 134; 17 P.S. § 1099 (1962).

Amendment right of trial by jury in all nonpetty criminal cases applicable to the States because "trial by jury in criminal cases is fundamental to the American scheme of justice." *Duncan v. Louisiana,* 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491 (1968). In our view, the necessity of having citizens freely available for jury service is just the sort of "recognized facet of public policy" alluded to by our Supreme Court in *Geary v. United States Steel Corp., supra* ; an employer's "intrusion into [this] area by virtue of [his] power of discharge" should "give rise to a cause of action." *Id.,* 456 Pa. at 184, 319 A.2d at 180.

In the present case, the lower court held that appellant had a cause of action, but granted the nonsuit on the ground that appellant's evidence disclosed that his employer had fired him, not because he had served his jury duty, but because he had been discourteous and inconsiderate in failing to notify his employer that he would definitely be away from his post for one week. However, while parts of appellant's evidence support this conclusion, other parts support a different one, namely, that appellee fired appellant because he had failed to ask to be excused from service. Under such circumstances, the grant of a nonsuit was error.

Two weeks before he began his jury service, appellant informed his superior, Mr. Willis Fowler, that he had been called to serve, beginning on January 13, 1975. Mr. Fowler said, "Well, you know you can get out of jury duty by simply, when you find out what case you are going to be on, simply tell them you formed an opinion by what you read in the newspaper." No more was said on the subject between appellant and his direct superiors until he returned to work on January 20, after his one-week's service was completed.[4] Then, Mr. Fowler greeted him by saying, "Don't you think we even deserve a phone call? How do you expect us to operate?" Appellant replied, "Mr. Fowler, you knew I was

4. Appellant did, however, testify that persons in a supervisory position—not his direct superiors—knew that he would be absent, and that a fellow dispatcher also knew. Appellant further testified that another worker in his department did the same job as he, and that each covered for the other when one was absent.

serving on the jury." Fowler answered, "I told you you could get out of it. As far as I'm concerned, you're finished." Thereupon appellant left work and was not called back.[5]

■ From appellant's testimony a jury could draw two, contradictory inferences: One, that appellee was so inconvenienced by appellant's failure to confirm that he would be absent that discharge was the only appropriate sanction; or two, that appellee was irked by appellant's declining to seek excuse from service, as appellee had urged, and so fired appellant.[6] Under the first inference, appellant most likely could not recover damages, for the implication of the case law on this point is that even when an important public policy is involved, an employer may discharge an employee if he has a separate, plausible, and legitimate reason for doing so. See *Geary v. United States Steel Corp., supra,* 456 Pa. at 184–5, 319 A.2d at 180. Under the second inference, however, appellant could recover, for the reasons we have discussed earlier in this opinion.

■ "An order granting a non-suit is proper only if the jury, viewing the evidence and all reasonable inferences arising from, it, in the light most favorable to the plaintiff, could not reasonably conclude that the elements of the cause of action have been established." *Ford v. Jeffries,* 474 Pa. 588, 591, 379 A.2d 111, 112 (1977). Here, the lower court

5. Appellee does not dispute that Mr. Fowler's actions on January 20 amounted to termination of appellant's employment.

6. Although we express no opinion as to its effect on this case, we note that appellee's advice to appellant on how to evade jury service may have been incitation to commit perjury. It will be recalled that appellee's advice was: "Well, you know you can get out of jury duty by simply, *when you find out what case you are going to be on,* simply tell them you formed an opinion by what you read in the newspaper." (Emphasis added.) If appellant knew the case he would be on only when called for voir dire, he would have been under oath when he gave the suggested excuse. Pa.R.Crim.P. 1106(b). Under this interpretation of the facts, appellee's dismissal of appellant may be actionable, not only because of the element of public policy involving jury service, but also because the dismissal could be found to be based on appellant's refusal to commit perjury. *See Petermann v. International Brotherhood of Teamsters, supra.*

decided which of two inferences the jury would, or should, have drawn from appellant's evidence. This was an improper invasion of the jury's province. The lower court's order is vacated, and the case remanded with directions that the nonsuit be taken off.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE and VAN der VOORT, JJ., dissent.