J-A11002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEANNE HEIDORN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CHELTEN CHURCH, | |
| Appellee | No. 1590 EDA 2015 |

Appeal from the Order Entered April 10, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-32390

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 22, 2016**

Appellant, Jeanne Heidorn, appeals from the order entered on April 10, 2015, that granted preliminary objections in the nature of a demurrer filed on behalf of Appellee, Chelten Church ("the Church") in the underlying wrongful termination of employment action.  We affirm.

In its opinion, the trial court provided the following factual background:

> [The Church] employed [Appellant] as an administrative employee from 1996 until her termination on June 2, 2014. The Church also employed Andrew Hudson (hereinafter "Hudson") as Lead Pastor from 2001 until September 2013. After Hudson's resignation, [Appellant] testified in a court proceeding involving Hudson on Wednesday, May 28, 2014. The Church's leaders attended the court proceeding when [Appellant] testified. On

_____

[*] Former Justice specially assigned to the Superior Court.

Friday, May 30, 2014, the Church's leaders scheduled a meeting with [Appellant] for Monday, June 2, 2014. At the meeting, [Appellant] was discharged with no performance issues documented or cited. [Appellant] alleges she was terminated because the Church's leaders did not approve of her testimony at the court proceeding the previous week.

[Appellant] filed the instant Complaint on December 5, 2014 for equitable relief and damages due to her wrongful termination. In her Complaint, [Appellant] alleges the Church terminated her employment as retaliation because she "testified honestly under oath" at Hudson's court proceeding. The Church filed Preliminary Objections in the nature of a demurrer on January 15, 2015 and [Appellant] timely replied on January 28, 2015. Oral argument was held before the undersigned on April 7, 2015. This Court issued an order sustaining the Church's Preliminary Objections and dismissing [Appellant's] Complaint on April 9, 2015.

Trial Court Opinion, 7/6/15, at 1-2 (internal citations omitted). Appellant filed a timely notice of appeal, and both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues for this Court's consideration:

1. Did the Trial Court err by sustaining [the Church's] demurrer to [Appellant's] one-count complaint for wrongful termination?

2. If the Superior Court finds that the Trial Court did not err in sustaining [the Church's] demurrer, was it error not to allow [Appellant] to file an amended complaint?

Appellant's Brief at 4.

At the outset, we note that appeals from orders granting a preliminary objection in the nature of a demurrer are reviewed under the following standard:

> A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.
>
> Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Weiley v. Albert Einstein Medical Center*, 51 A.3d 202, 208-209 (Pa. Super. 2012) (internal citations and quotation marks omitted).

As noted, Appellant initiated a wrongful termination action against the Church. "In Pennsylvania, employment is presumed to be at-will, unless

there is an agreement otherwise." *Wakeley v. M.J. Brunner, Inc.*, \_\_\_ A.3d \_\_\_, \_\_\_, 2016 PA Super 88 (Pa. Super. filed April 19, 2016). Pennsylvania does not recognize a common law action for wrongful termination of at-will employment. *Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009). As an at-will employee, Appellant "may be terminated at any time, for any reason or for no reason." *Stumpp v. Stroudsburg Mun. Auth.*, 658 A.2d 333, 335 (Pa. 1995). An employee may bring a cause of action for termination only in the most limited circumstances, namely "where the termination violates a clear mandate of public policy." *Roman v. McGuire Memorial*, 127 A.3d 26, 32 (Pa. Super. 2015) (quoting *McLaughlin v. Gastrointestinal Specialists, Inc.*, 750 A.2d 283, 287 (Pa. 2000)).

Here, Appellant claims she was wrongfully discharged in retaliation for testifying truthfully at Hudson's hearing, and she argues that the public policy exception to the employment at-will doctrine applies. Complaint, 12/5/14, at 3, ¶¶ 14-15; Appellant's Brief at 7-8. Appellant cites to *Mikhail v. Pennsylvania Organization for Women in Early Recovery*, 63 A.3d 313, 317 (Pa. Super. 2013), as support for her position. Appellant's Brief at 9. In *Mikhail*, a panel of this Court discussed at-will employment and the public policy exception. This Court explained:

> Pennsylvania courts have found actionable exceptions where the employee was terminated for filing a claim for worker's compensation benefits, *Shick v. Shirey*, 552 Pa. 590, 716 A.2d

1231 (1998); for filing a claim for unemployment benefits, ***Highhouse v. Avery Transportation***, 443 Pa.Super. 120, 660 A.2d 1374 (1995); for failing to submit to a polygraph test where a statute prohibited employers from so requiring, ***Kroen v. Bedway Security Agency, Inc.***, 430 Pa.Super. 83, 633 A.2d 628 (1993); for complying with a statutory duty to report violations to the Nuclear Regulatory Commission, ***Field v. Philadelphia Electric Co.***, 388 Pa.Super. 400, 565 A.2d 1170 (1989); and for serving jury duty, ***Reuther v. Fowler & Williams, Inc.***, 255 Pa.Super. 28, 386 A.2d 119 (1978).

***Mikhail***, 63 A.3d at 317.

In the case at bar, Appellant argues that her termination for testifying truthfully under oath at a judicial proceeding violated public policy and is akin to the aforementioned exceptions. Appellant's Brief at 10. We disagree. The trial court addressed this issue as follows:

[Appellant] argues that "in Pennsylvania, the public policy exception to employment at will recognizes a cause of action for wrongful discharge if the employee has been retaliated against for conduct actually required by law" (i.e. testifying honestly under oath). Appellant's Compl. ¶ 14-15[. Appellant] relies on ***Reuther v. Fowler & Williams, Inc.***, 386 A.2d 119 (Pa. Super. 1978), to support her position that the Church's termination of [Appellant's] employment violated public policy. In ***Reuther***, the court held "that the law of this Commonwealth recognizes a cause of action for damages resulting when an employee is discharged for having performed his obligation of jury service" because "the necessity of having citizens freely available for jury service is just the sort of 'recognized facet of public policy'" which "an employer's 'intrusion into' ... should 'give rise to a cause of action.'" [***Reuther***,] 386 A.2d at 120, 121 (citation omitted) (quoting ***Geary***, [***v. U. S. Steel Corp.***,] 319 A.2d [174] at 180 [(Pa. 1974)]). ***Reuther*** is distinguishable from the instant case because an "obligation of jury service" is a "'recognized facet of public policy,'" pursuant to Article I, § 6 of

the Pennsylvania Constitution and an individual may be penalized for choosing to ignore "'summonses of the court'" in accordance with 17 P.S. §§ 1099, 1336.[1] *Id*. (citations and footnote omitted) (quoting 17 P.S. § 1336). Testifying in a court proceeding has never been a "recognized facet of public policy."

[Appellant] has not averred she was wrongfully terminated for obeying a lawfully issued subpoena, but that she was discharged because she "testified honestly under oath." [Appellant's] Compl. ¶ 15[.[2]]

Pennsylvania law simply does not support a claim for wrongful termination under any permutation of [Appellant's] factual scenario. [Appellant] is asking this Court to establish a new public policy exception which would prohibit an employer from discharging an "at-will" employee who testified "honestly." If this scenario supported a cause of action, every wrongful termination claim would, in essence, turn on the issue of whether the underlying testimony was "honestly" given.[2] Suppose the testimony in the underlying matter was completely honest, but incomplete? Suppose the underlying testimony was substantially honest, but inaccurate, mistaken, or contradicted in one or more respects? Suppose the underlying testimony was honest in all respects, but nonetheless gave a misleading or false impression because of the way it was presented?

> [2] It is not clear whether honest testimony means testimony made in good faith or truthfully made.

_____

[1] The procedure for selecting and summoning jurors, which was previously enumerated in Title 17, is now encompassed as part of the Judicial Code at 42 Pa.C.S. §§ 4501-4584.

[2] We note that terminating an employee for complying with a *subpoena* could violate public policy because "A subpoena is an order of the court commanding a person to attend and testify at a particular time and place. It may also require the person to produce documents or things which are under the possession, custody or control of that person." Pa.R.C.P. 234.1(a). Thus, complying with a *subpoena* is parallel to a jury summons. However, that scenario is not present in the instant case.

Just as there is no prohibition for an employer to terminate an at-will employee who gives false testimony in a court proceeding, nor can there be any conceptual or practical prohibition for an employer to terminate an employee whose honest testimony may be incomplete, mistaken, or misleading in some respect. This new cause of action, previously not recognized by any appellate authority, would be completely unworkable. Pennsylvania law simply does not support [Appellant's] claim.

Trial Court Opinion, 7/6/15, at 5-6.

After review, we conclude that there was no statute or constitutional provision compelling Appellant to provide testimony. If the Church did terminate Appellant's employment because it did not agree with her testimony, public policy was not violated. Nevertheless, Appellant avers that she was terminated because her testimony was truthful. Appellant's Brief at 7. First, we must point out that we cannot verify the veracity of Appellant's testimony as we are not privy to those ancillary proceedings. Secondly, while Appellant notes that she was not permitted to testify untruthfully because perjury is a crime,[3] there is no indication that the Church suborned perjury or coerced Appellant to testify falsely. As noted above, Appellant testified voluntarily. Thus, the truth of her testimony is immaterial.

After review, we conclude that Appellant has failed to illustrate how her termination violated public policy. As an at-will employee, the Church

_____

[3] Appellant's Brief at 11; 18 Pa.C.S. § 4902.

was free to terminate Appellant's employment for any reason or for no reason. *Stumpp*, 658 A.2d at 335.

Next, Appellant claims the trial court erred in not allowing Appellant to amend her complaint. Appellant's Brief at 15. "[T]he right to amend pleadings is within the sound discretion of the trial court and should be liberally granted." *In re Lokuta*, 11 A.3d 427, 439 (Pa. 2011). However, where amendment would be futile, the complaint may be dismissed without allowance for amendment. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616, 624 (Pa. Super. 1999) (citation omitted). Because we have concluded that no public policy consideration was implicated, we reiterate that the Church was free to terminate Appellant for any reason or for no reason. *Stumpp*, 658 A.2d at 335. Accordingly, no amendment could cure this fatal flaw in Appellant's cause of action.

For the reasons set forth above, we discern no error in the trial court granting the Church's preliminary objections in the nature of a demurrer. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016