**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1750
_____

J'AMY KLUENDER,
                                        Appellant
v.

UNITED STATES LIABILITY INSURANCE CO., INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 2:22-cv-03650)
District Judge: Honorable Kelley B. Hodge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2026

Before:  BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: March 10, 2026)
_____

OPINION*
_____

PER CURIAM

Pro se appellant J'Amy Kluender appeals from the District Court's dismissal of

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

one of her claims and its grant of summary judgment on her remaining claims in favor of her former employer, United States Liability Insurance Corporation, Inc. ("USLI"). For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2015, Kluender began working as a claims examiner for USLI, an insurance company.[1] In her role, she was responsible for reviewing insurance claims and conducting investigations, among other responsibilities. In 2018, Kluender was diagnosed with thyroid cancer. She took leave under the Family and Medical Leave Act related to her cancer treatment and recovery in 2018 and 2020. After returning to work in November 2020, Kluender reported that her medical provider prescribed that she limit her work to 35 hours per week, and USLI agreed to that.

On May 13, 2021, Kluender requested several accommodations due to her medical condition, including changes to her workload and schedule flexibility. The next day, her supervisor granted most of her requests and stated that she would assign claims that were less time-consuming to Kluender and reassign Kluender's more complex files to a co-worker.

Kluender responded that she wanted less work, not different work. Her supervisor stated that she could not be assigned less work as a full-time examiner, but that she could choose to work part time, and that in the meantime, the supervisor would begin reassigning Kluender's files to relieve some of her workload. Kluender did not respond,

---

[1] Because we write primarily for the parties, we will recite only the facts necessary for this discussion. These facts are undisputed unless otherwise noted.

2

and on May 25, 2021, she took an unpaid leave of absence due to her medical condition, as she was no longer able to work. During her unpaid leave, USLI provided her with health benefits and held Kluender's position for her.

While still on unpaid leave in September 2022, Kluender initiated this federal lawsuit, through counsel, alleging that USLI discriminated and retaliated against her. She testified at a deposition in this case on February 21, 2023, where she stated that, while she was employed with USLI, she was paid by medical providers to provide a sworn affidavit as a fact witness and deposition testimony as an expert witness on claims handling in two cases.

On February 27, 2023, Executive Vice President James Scalise concluded that Kluender's paid work as an expert witness and consultant about claims handling practices violated USLI's conflict of interest policy and terminated Kluender's employment, citing that policy. Kluender then amended her complaint, alleging, as relevant here: (1) retaliation and failure to accommodate under the Americans with Disabilities Act ("ADA"); and (2) wrongful termination in violation of Pennsylvania public policy.[2] The District Court dismissed Kluender's wrongful termination claim and later granted USLI's

---

[2] Kluender brought other claims in her operative complaint, but because she did not raise them in her counseled appellate brief, she has forfeited them. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that any issue that an appellant fails to develop in an opening brief is forfeited). We do not consider any arguments Kluender makes for the first time on appeal, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 88 n.12 (3d Cir. 2013), or any issues she discusses for the first time in her pro se reply brief, *see Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017).

motion for summary judgment on Kluender's remaining claims. Kluender timely appealed.[3]

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Kluender's wrongful termination claim. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). We also exercise plenary review over the District Court's grant of summary judgment for USLI on Kluender's remaining claims. *See Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.

We agree with the District Court's disposition of Kluender's claims. First, Kluender's wrongful termination claim was properly dismissed. Kluender alleged that USLI violated Pennsylvania's public policy by terminating her for testifying as an expert witness at a deposition, citing a state statute criminalizing retaliation against certain witnesses, victims, or parties. *See* 18 Pa. Cons. Stat. Ann. § 4953 ("A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or

---

[3] After Kluender filed a counseled brief, the Court granted Kluender's request to proceed pro se for the remainder of this appeal.

repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter."). However, the Pennsylvania Supreme Court has observed that this criminal statute applies only to witnesses in criminal cases, not civil proceedings. *See Commonwealth v. Nevels*, 235 A.3d 1101, 1104-05 (Pa. 2020) (noting that "the legislative body may, at some future time, see fit to extend protections to witnesses and victims in civil matters," as such protections were not included in the revision that added "a party in a civil matter" to the statute).

Kluender provides no relevant authority to show that § 4953 otherwise created a private right of action for individuals who were paid to serve as expert witnesses in civil cases to recover damages for wrongful termination based on their testimony. In the primary case she cites, the Pennsylvania Supreme Court observed that there is generally "no common law cause of action against an employer for termination of an at-will employment relationship," and that there are exceptions "in only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." *See Clay v. Advanced Computer Applications, Inc.*, 559 A.2d 917, 918 (Pa. 1989). The example the Pennsylvania Supreme Court cited in *Clay* addressed individuals who serve as jurors in criminal cases, given the constitutional importance of the right to a trial by jury. *See Reuther v. Fowler & Williams, Inc.*, 386 A.2d 119, 120-22 (Pa. Super. Ct. 1978). Kluender has not explained how her work as an expert witness in a civil matter is equivalent to jury service in a criminal case, such that it would support a

5

private right of action for damages against her former employer under the circumstances of this case.[4]

Next, USLI was entitled to summary judgment on Kluender's ADA retaliation claim. Kluender claimed that USLI terminated her employment in retaliation for Kluender's testimony at her deposition in this lawsuit. Claims of retaliation under the ADA are analyzed under the familiar *McDonnell Douglas* burden-shifting framework. *See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022). If a plaintiff can establish a prima facie case of retaliation, the burden shifts to her employer to produce "evidence that present[s] a legitimate, non-retaliatory reason for having taken the adverse action." *Id.* (internal quotation marks and citation omitted). If this burden is met, the burden shifts back to the plaintiff, who must "demonstrate that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Id.* (internal quotation marks and citations omitted). We will assume for the purposes of our analysis that Kluender could establish a prima facie of retaliation here. Kluender's opening brief does not challenge the District Court's conclusion that USLI offered a legitimate non-retaliatory reason for her termination.

Kluender cannot show that USLI's proffered reason for her termination was pretext for retaliation. To meet her burden, Kluender must "demonstrate weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions from which a reasonable juror could conclude that the Defendant['s] explanation is unworthy of

---

[4] Kluender also cites cases that discuss the doctrine of witness immunity from civil damages suits, but does not explain how that is relevant here.

6

credence, and hence infer that the employer did not act for the asserted [non-retaliatory] reasons." *Carvalho-Grevious v. Delaware State Univ.*, 851 F.3d 249, 262 (3d Cir. 2017) (internal quotation marks and citations omitted).

Kluender testified at her deposition that in 2015, after she began working for USLI, she testified as a fact witness on behalf of a medical provider in a dispute between the provider and State Farm, Kluender's former employer, and that Kluender was paid to explain claims handling procedures. She also testified that in 2019, she was paid to serve as an expert witness for a medical provider in a lawsuit against State Farm, where she prepared an expert report and testified at a deposition about what is and is not good faith claims handling. In that 2019 deposition, Kluender testified that her opinions were not inconsistent with USLI's standards for claims handling. Kluender stated that she did not have authority from USLI to testify about that issue, and that she did not inform anyone at USLI about her work as an expert and did not ask for permission to provide expert testimony.

Kluender argues that USLI actually fired her because she testified at a deposition in support of her ADA claim in this case, for three reasons: (1) the temporal proximity between the deposition and her termination; (2) she believes that her expert witness work did not create a conflict of interest; (3) she claims that Scalise knew about her work as an expert witness before her deposition. Although there was a short time span between Kluender's deposition and her termination, the record indicates that it was the first time anyone at USLI learned that Kluender: (1) had been paid for work as an expert or consultant on claims handling while working at USLI, (2) referenced USLI in the course

of some of that work, and (3) did not consult with anyone at USLI before doing so. She had already initiated this lawsuit five months before she testified, so USLI had already been aware for months that Kluender was pursuing ADA claims, and Kluender had been on leave with USLI for over a year and a half before she was fired. In this context, the timing of her termination does not suggest that it was pretext for retaliation, but rather that USLI fired Kluender after receiving new information about Kluender's work outside of her employment with USLI.

Kluender's personal belief that her actions did not violate the company's broad conflict of interest policy is also not evidence that her termination was pretextual, as the policy required her to consult with a supervisor or others at USLI if there was even a possibility of a conflict of interest.[5] Her final argument relies on a misrepresentation of the record. In an affidavit and at a deposition, Scalise explained that in January or February 2023, he reviewed motions papers related to the cases where Kluender consulted or served as an expert witness. However, Scalise stated that Kluender's February 21, 2023 deposition was the first time that Kluender provided details about that outside work and confirmed that she did not consult with anyone at USLI beforehand. Accordingly, Kluender has not provided evidence from which a reasonable juror could infer that USLI's basis for her termination was retaliatory.

Finally, Kluender could not establish a failure to accommodate claim under the ADA based on her request for accommodations in May 2021. To establish a claim

---

[5] The policy stated that "[a] conflict of interest exists when a person's private interest interferes in any way with the interests of [USLI]." Appellant's App. at 195.

against USLI for failure to accommodate, Kluender had to prove, among other requirements, that she was "qualified to perform the essential functions of [her] job, with or without reasonable accommodations." *See Hohider v. United Parcel Serv., Inc.*, 574 F.3d 169, 186 (3d Cir. 2009).

USLI and Kluender were in the process of discussing her requested accommodations in May 2021 — and Kluender's supervisor had already granted most of her requests — when Kluender went out on unpaid leave for medical reasons that same month. Kluender testified that at that point, she was not able to work, ether with or without accommodations. Kluender's medical providers also testified that she could not work at that point. Because undisputed record evidence shows that Kluender could not perform the essential functions of her job, with or without reasonable accommodations, summary judgment was properly granted for USLI on this claim. *See Pena v. Honeywell Int'l, Inc.*, 923 F.3d 18, 31 (1st Cir. 2019) (affirming grant of summary judgment in favor of the defendant on a failure to accommodate claim where the plaintiff admitted at her deposition that she was not well enough to perform the essential functions of her job).

For these reasons, we will affirm the judgment of the District Court.